{¶ 31} I respectfully dissent. *Page 14 
 {¶ 32} Jeanne C. Grothaus was, in my opinion, an intended third-party beneficiary of the contract to install a sprinkler system at her residence. As such, I believe she had standing to maintain the contract claims in the lawsuit.
 {¶ 33} Grothaus was engaged to Ken Curtin when the contract to add the sprinkler system to their residence was signed. She had an interest in the property as a result of a mortgage she held on it. She lived on the property when the contract was signed and continued to live there at least until the date of the trial. The improvements were being made so the house could be a better residence for Grothaus and her two children and Curtin and his two children. Clint A. Warner had his discussion regarding the contract with both Curtin and Grothaus present and participating. Warner always knew the sprinkler system was to benefit the property where they both resided. The couple was married a few months after the contract was signed and closer yet to the time the sprinkler system was installed.
 {¶ 34} Curtin died approximately two years after the wedding. Grothaus had a one-half interest in the property as of the date of his death. Curtin's children continued to reside at the property with Grothaus as of the day of trial. They apparently inherited his one-half interest.
 {¶ 35} Under the circumstances, I believe Grothaus clearly was a third-party beneficiary of the contract and was known to be so by Clint A. Warner. The improvement to the property was intended to benefit all who resided there, including Grothaus. The suggestion in the majority opinion that "the evidence presented to the trial court did not establish that Grothaus was an intended third-party beneficiary" to me overlooks a huge quantity of competent credible evidence demonstrating that she was *Page 15 
an intended beneficiary of the improvements to the residence where she lived and continued to live for years thereafter. Indeed, I believe all the evidence supported her status as an intended beneficiary of the contract.
 {¶ 36} Since the majority somehow reaches a different conclusion, I respectfully dissent. *Page 1